UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                  Criminal Case No. 17-20362

Marcus Alexander Files,           Sean F. Cox
                                          United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Marcus Alexander Files ("Defendant") pleaded guilty to being a felon in possession of a firearm and was sentenced to 50 months' imprisonment. Defendant is currently serving that sentence. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it, because he has asthma. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion because Defendant has not shown that there are extraordinary and compelling reasons to reduce his sentence, that his release would be consistent with applicable policy statements issued by the Sentencing Commission, or that the 18 U.S.C. § 3553(a) sentencing factors favor his release.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to being a felon in possession of a firearm. This Court sentenced Defendant to a term of 50 months' imprisonment. Defendant is 30 years old. Defendant is currently serving his sentence at Federal Correctional Institution Allenwood Medium, in White Deer, Pennsylvania, and has a release date of April 8, 2021.

Defendant filed a *pro se* Motion for Compassionate Release on June 1, 2020, claiming to have "multiple health issues." (ECF No. 38 at 1). Defendant did not submit any documentation regarding any health issues.

On July 7, 2020, an attorney through the Federal Community Defender Office filed a supplemental brief on behalf of Defendant. That brief asserts that Defendant "suffers from asthma" but provided no documentation of that condition, such as medical records. The brief also asserts that Defendant's "young son suffers from Sickle Cell disease and needs constant medical care" and that Defendant's fiancé is the only caregiver for Defendant's son and his elderly mother.

The Government acknowledges that Defendant exhausted his administrative remedies but opposes the motion on the merits.

**ANALYSIS**

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remaining portion of his sentence in home confinement.

**A.  The Parties' Arguments**

Defendant's motion is grounded in the COVID-19 pandemic. This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned

that he could contract the virus and that he may be vulnerable to severe illness, if he were to contract it, because Defendant has asthma. Defendant also contends that his family circumstances warrant his release to home confinement, as Defendant would like to help care for his child and mother.

The Government opposes the motion, asserting that Defendant does not qualify for compassionate release. Its arguments include that: 1) Defendant is not eligible for release because there are no extraordinary and compelling reasons for his release; 2) Defendant is a young man with mild asthma that can be controlled with medication; 3) the Bureau of Prisons has responded to the pandemic by taking various measures to protect inmates and mitigate the risk of the virus within its facilities; 4) Defendant is ineligible because he is a danger to the community; and 5) consideration of the § 3553(a) factors weighs against his request. The Government also asserts that Defendant's family circumstances do not warrant relief.

**B.    Applicable Standards**

This Court recently explained the standards that apply to a motion for compassionate relief:

> Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).
> U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Murphy's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other

> Reasons." The category of "Other Reasons" requires the BOP to determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances under this fourth category. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).
>
> > "In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).

*United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

**C.      Relief Available**

Defendant's motion asks this Court to allow him to serve the remaining portion of his sentence in home confinement.

As this Court explained in *Murphy*, "the compassionate-release statute allows the Court to craft a reduced sentence that, for all practical purposes, looks very much like ordering that [a defendant] be allowed to spend the remainder of his current sentence on home confinement.  It just requires a few more steps:"

> Under 18 U.S.C. §3582(c)(1), the Court can reduce [a defendant's] current custodial sentence and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."  18 U.S.C. § 3582(c)(1)(A).  In other words, the Court could reduce [a defendant's] current sentence to time served, then order [that defendant] to serve a time period equal to his undischarged prison term on supervised release and order that, as a condition of that release, he be confined to his home.  *See, e.g., United States v. Hunt*, 2020 WL 239522 at *8 (E.D. Mich. May 12, 2020).

*United States v. Murphy*, supra, at *4.

But modifying a defendant's sentence in this way would still require a reduction of his

current custodial sentence. *Id*. Thus, Defendant would still need to meet the conditions described above.

**D.    Extraordinary and Compelling Reasons / U.S.S.G. § 1B1.13**

As this Court explained in *Murphy*:

> The First Step Act effectively transferred the power to determine whether "extraordinary and compelling reasons" exist from the BOP to the federal courts. *See, generally, United States v. Young*, 2020 WL 1047815 at *3-6 (M.D. Tenn. March 4, 2020) (describing changes in the statutory and regulatory standards that governed compassionate release motions from 1984 to the present). Before the First Step Act, the BOP made that call by applying a standard articulated by the United States Sentencing Commission in an Application Note to U.S.S.G. § 1B1.13. *Id.* Today, that finding is not predicated on either that Application Note or the BOP's judgment because the First Step Act gave the judiciary "the authority to reduce a prisoner's sentence upon the [C]ourt's independent finding of extraordinary or compelling reasons." *Id*. at *6 (collecting cases). To make this finding, the Court may still look to § 1B1.13's Application Note for guidance in applying this "vague standard." *United States v. Ebbers*, __ F.Supp.3d __, 2020 WL 91399 at *2 (S.D.N.Y. Jan. 8, 2020); *see also United States v. Beck*, 425 F.Supp.3d 573, 579 (M.D.N.C. 2019).
> 
> To begin, § 1B1.13's Application Note provides certain circumstances in which a prisoner's medical condition constitutes an extraordinary and compelling reason for a sentence reduction:
> 
> 1.  Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> 
>     (A) Medical Condition of the Defendant.
> 
>     >   (I) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> 
>     >   (ii) The defendant is
> 
>     >   >   (I) suffering from a serious physical or medical condition,

5

> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, comment. (n.1) (2018).

*Murphy, supra*, at * 4-5.

Here, Defendant does not meet either circumstance described in § 1B1.13's Application Note. Defendant is a 30 year-old man who is in good health. While Defendant's medical records indicate that he may have mild asthma, they also indicate it is being managed with prescription medication. There is no indication that Defendant's condition could be considered a "terminal illness (ie., a serious and advanced illness with an end of life trajectory")" or that it poses a "serious physical or medical condition" that "substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."

The Court concludes that the circumstances presented here do not provide "extraordinary and compelling" reasons to reduce Defendant's sentence. "A court in this district has defined 'extraordinary' as 'exceptional to a very marked extent,' and 'compelling' as 'tending to convince or convert by or as if by forcefulness of evidence.' *Shah,* 2020 WL 1934930 at *2 (E.D. Mich. April 22, 2020) (quoting Webster's Third International Dictionary, Unabridged (2020)). Another court in this district has described the requirements of 'extraordinary' as beyond what is usual, customary, regular, or common,' and 'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted. *United States v. Sapp*,

6

2020 WL 515935 at *3 (E.D. Mich. Jan. 31, 2020) (citations omitted)." *Murphy, supra*, at * 5.

Defendant's concern about COVID-19 is understandable, as its generally accepted that individuals with underlying health conditions like asthma may have a higher risk for complications from COVID-19. *See, eg., Wilson v. Williams*, __ F.3d __, 2020 WL 3056217 at *1 (6th Cir. June 9, 2020). But Defendant's fear of contracting COVID-19 is also speculative. A generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, is not the type of "extraordinary and compelling reason" that justifies compassionate release. *Murphy, supra*, at *6; *United States v. Shah*, 2020 WL 1834930 at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Further, as detailed in the Government's response, the BOP has instituted strict protocols designed to prevent the spread of COVID-19 within its facilities.

Defendant's motion also asserts that he should be released because of his family circumstances, so that he can help take care of his son and mother. While Defendant's family circumstances are unfortunate, they do not warrant release. *See, e.g., United States v. Bradley*, 2020 WL 4192545 (E.D. Mich. July 21, 2020) (Explaining that "the Commission identifies only 'The death or incapacitation of the caregiver of the defendant's minor child or minor children' or 'The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner' U.S.S.G. 1B1.13 cmt n.1(C)"): *United States v. Wilson*, 2020 WL 3172647 (E.D. Mich. June 15, 2020) ("While it is admirable that Defendant wishes to be released early in order to assist with caring for his parents and his

minor child, Defendant has failed to establish that his circumstances are extraordinary and compelling in a manner that would entitle him to the relief he seeks.").

E.     **18 U.S.C. § 3553(a) Factors**

In addition, the 18 U.S.C. § 3553(a) sentencing factors do not favor release in this case. Given the offense at issue in this case (felon in possession of a firearm), Defendant's criminal history, and his disciplinary issues while incarcerated, this Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh in favor of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 3, 2020